Nos. 25-2713, 25-2894, 25-3311

# United States Court of Appeals for the Eighth Circuit

SAMANTHA STINSON, *et al.*,
*Plaintiffs-Appellees*,

JULEE JAEGER, *et al.*,
*Plaintiffs-Appellees*,

CHRISTINE BENSON, *et al.*,
*Plaintiffs-Appellees*,

v.

FAYETTEVILLE SCHOOL DISTRICT NO. 1, *et al.*,
*Defendants*,

CONWAY SCHOOL DISTRICT, NO. 1,
*Defendant*,

LAKESIDE SCHOOL DISTRICT, NO. 9,
*Defendant*,

STATE OF ARKANSAS,
*Intervenor-Appellant*.

On Appeal from the United States District Court for the
Western District of Arkansas, No. 5:25-cv-05127-TLB
Hon. Timothy L. Brooks

**UNOPPOSED MOTION OF ARKANSAS STATE SENATOR JIM DOTSON AND STATE REPRESENTATIVE ALYSSA BROWN FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF APPELLANT**

*Counsel for Amici Curiae on inside cover*

| | |
|---|---|
| KELLY J. SHACKELFORD<br>JEFFERY C. MATEER<br>DAVID J. HACKER<br>JEREMIAH G. DYS* | FIRST LIBERTY INSTITUTE<br>2001 W. Plano Pkwy., Ste. 1600<br>Plano, TX 75075<br>Tel.: (972) 941-4444<br>jdys@firstliberty.org |

*Counsel for Amici Curiae*

January 13, 2026  \* Counsel of Record

# TABLE OF CONTENTS

I. Interest of *Amici Curiae* ................................................................... 1

II. The Proposed Amici Curiae Brief is Desireable, And The Matters Asserted are Relevant to the Disposition of the Case ....... 3

CONCLUSION ............................................................................................. 3

CERTIFICATE OF CONFERENCE ....................................................... 5

CERTIFICATE OF COMPLIANCE ....................................................... 5

CIRCUIT RULE 28A(h) CERTIFICATION ........................................... 6

CERTIFICATE OF SERVICE .................................................................. 6

Proposed *Amici Curiae*, by and through counsel, pursuant to Federal Rule of Appellate Procedure 29(a)(3), hereby move for leave to file the attached Amici Curiae brief in support of Appellant. Counsel for *Amici Curiae* conferred with counsel for Plaintiffs-Appellees and Intervenor-Appellant regarding this Motion, and they do not oppose this Motion.

## I. Interest of *Amici Curiae*[1]

*Amici Curiae* are Members of the Arkansas Legislature, Senator Jim Dotson and Representative Alyssa Brown. Sen. Dotson represents Arkansas Senate District 34, which includes a portion of Bentonville. Rep. Brown is the elected representative for House District 41, which includes portions of Cleburne and Stone Counties. Together, Sen. Dotson and Rep. Brown were the primary sponsors in the Arkansas Senate and House, respectively, for Act 573—at issue in the instant case.

---

[1] Counsel for *Amici Curiae* authored this brief in its entirety. No party's counsel authored this brief, in whole or in part. No party or party's counsel contributed any money that was intended to fund the preparation or submission of this brief. No person—other than *Amici Curiae*, their members, or their counsel—contributed money that was intended to fund the preparation or submission of this brief.

1

As elected Arkansas legislators that drafted and passed the law at issue in this case, *Amici* have a crucial interest in ensuring that the Court applies the correct understanding of the Establishment and Free Exercise clauses to Arkansas's Ten Commandments law. *Amici*—and their electing constituencies—rightly understand that Act 573 is well-within the bounds of both the Free Exercise and Establishment Clauses. Wishing to continue the "unbroken history of official acknowledgement by all three branches of government of the role of religion in American life," *Lynch v. Donnelly*, 465 U.S. 668, 674 (1984), *Amici* sponsored this bill through the Arkansas legislative process.

Both the Arkansas Senate and House of Representatives passed Act 573 which Arkansas Governor Sarah Huckabee Sanders then signed into law. Since "a presumption of constitutionality attaches to state legislative enactments," *Fitz v. Dolyak*, 712 F.2d 330, 333 (8th Cir. 1983), this Court should give great scrutiny to the district court's decision, below. With the long overdue overruling of *Lemon v. Kurtzman*, 403 U.S. 602 (1971), in *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022), Arkansas should legally be able to recognize the Ten Commandments' role in our Nation's history and legal systems.

Arkansas—in passing Act 573—has chosen to acknowledge the Ten Commandments as a fundamental foundation of both U.S. and Arkansas law through requiring the posting of the Ten Commandments in all taxpayer-funded buildings, including public schools. This acknowledgment is consistent with our Nation's history and tradition of recognizing Moses as a lawgiver and the Ten Commandments as a historical foundation of our laws. *See American Legion v. American Humanist Ass'n*, 588 U.S. 29, 53 (2019). "[A]cknowledgements," like the one in Act 573, "of the role played by the Ten Commandments in our Nation's heritage are common throughout America." *Van Orden v. Perry*, 545 U.S. 677, 688 (2005) (plurality op.).

## II. The Proposed Amici Curiae Brief is Desirable, And The Matters Asserted are Relevant to the Disposition of the Case.

*Amici*'s proposed brief is desirable because it demonstrates that Arkansas Act 573 does not violate the Establishment Clause. The brief argues that courts should deal with Establishment Clause cases by examining historical practices and understandings, consistent with the Court's decision in *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507 (2022).

3

The brief also argues that Act 573 does not violate the Establishment Clause, since religious themes and traditions have always infused our Nation's culture, from the Founding-era to present day.

## **CONCLUSION**

*Amici* respectfully requests that the Court grant this Motion and direct the Clerk to file the attached Amici Curiae brief.

Janurary 13, 2026                              Respectfully submitted,

/s/ *Jeremiah G. Dys*

KELLY J. SHACKELFORD
JEFFERY C. MATEER
DAVID J. HACKER
JEREMIAH G. DYS*
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway
Suite 1600
Plano, TX 75075
Tel.: (972) 941-4444
jdys@firstliberty.org

*Counsel for Amici Curiae*
*Counsel of Record

**CERTIFICATE OF CONFERENCE**

Counsel for *Amici Curiae* conferred by email with counsel for Plaintiffs-Appellees and Intervenor-Appellant regarding this motion. No party opposes the relief sought.

/s/ *Jeremiah G. Dys*
Jeremiah G. Dys

**CERTIFICATE OF COMPLIANCE**

This motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 4,808 words, as determined by the Microsoft Word for Mac version 16.102.2 word-processing system used to prepare the motion.

This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5–6) because it has been prepared in a proportionately spaced typeface using the Microsoft Word for Mac version 16.102.2 in 14-point Century Schoolbook font.

/s/ *Jeremiah G. Dys*
Jeremiah G. Dys

## CIRCUIT RULE 28A(h) CERTIFICATION

I certify that the electronically filed version of this document has been scanned for viruses and has been determined to be virus-free.

/s/ *Jeremiah G. Dys*
Jeremiah G. Dys

## CERTIFICATE OF SERVICE

I certify that I caused this document to be electronically filed with the Clerk of the Court using the appellate CM/ECF system on January 13, 2026. All participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Jeremiah G. Dys*
Jeremiah G. Dys