# United States Court of Appeals

*for the*

# Eighth Circuit

Case Nos. 25-2713, 25-2894, 25-3311

SAMANTHA STINSON, *et al.*,

*Plaintiffs-Appellees,*

JULEE JAEGER, *et al.*,

*Plaintiffs-Appellees,*

– and –

CHRISTINE BENSON,

*Plaintiff-Appellee,*

– v. –

FAYETTEVILLE SCHOOL DISTRICT NO. 1, *et al.*,

*Defendants*,

*(For Continuation of Caption See Inside Cover)*

On Appeal from the United States District Court for the Western District of
Arkansas, No. 5:25-cv-05127 (Hon. Timothy L. Brooks)

## PLAINTIFFS-APPELLEES' MOTION FOR
## LEAVE TO FILE SURREPLY BRIEF

JOHN C. WILLIAMS (ABN 2013233)
SHELBY H. SHROFF (ABN 2019234)
ARKANSAS CIVIL LIBERTIES UNION
 FOUNDATION, INC.
904 West Second Street
Little Rock, Arkansas 72201
(501) 374-2842
john@acluarkansas.org
shelby@acluarkansas.org

JONATHAN K. YOUNGWOOD
JANET A. GOCHMAN
GRISELDA CABRERA
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
griselda.cabrera@stblaw.com

*Counsel for Plaintiffs-Appellees Samantha Stinson, et al.*
*(continued on inside cover)*

**CP** COUNSEL PRESS   (800) 4-APPEAL • (391663)

CONWAY SCHOOL DISTRICT NO. 1,

*Defendant,*

LAKESIDE SCHOOL DISTRICT NO. 9,

*Defendant,*

– and –

STATE OF ARKANSAS,

*Intervenor-Appellant.*

### *Additional Counsel for Plaintiffs-Appellees*

HEATHER WEAVER
DANIEL MACH
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION, INC.
915 15th Street, NW, Suite 600
Washington, DC 20005
(202) 675-2330
hweaver@aclu.org
dmach@aclu.org

PATRICK C. ELLIOTT
SAMUEL T. GROVER
FREEDOM FROM RELIGION
   FOUNDATION, INC.
P.O. Box 750
Madison, Wisconsin 53701
(608) 256-8900
patrick@ffrf.org
sam@ffrf.org

V. NOAH GIMBEL
SIMPSON THACHER & BARTLETT LLP
900 G Street, NW
Washington, DC 20001
(202) 636-5500
noah.gimbel@stblaw.com

ALEX J. LUCHENITSER
AMY TAI
JESS ZALPH
AMERICANS UNITED FOR SEPARATION
   OF CHURCH & STATE
1310 L Street, NW, Suite 200
Washington, DC 20005
(202) 466-3234
luchenitser@au.org
tai@au.org
zalph@au.org

Plaintiffs-Appellees respectfully request leave from the Court to file a Surreply Brief pursuant to Federal Rule of Appellate Procedure 28(c). A copy of Plaintiffs' proposed Surreply Brief is tendered herewith. In support of this Motion, Plaintiffs state as follows:

1. The Court docketed this appeal on September 2, 2025.

2. On January 9, 2026, Intervenor-Appellant, the State of Arkansas ("State"), filed its opening brief in its appeal of the district court's order granting Plaintiffs' motion for a preliminary injunction and denying the State's motion to dismiss. This Court accepted the State's opening brief on January 12, 2026.

3. Plaintiffs filed their opening brief on February 11, 2026, which this Court accepted on February 19, 2026.

4. On February 20, 2026, the U.S. Court of Appeals for the Fifth Circuit Court issued its en banc decision in *Roake v. Brumley*, 170 F.4th 292 (5th Cir. 2026) (en banc).

5. On March 12, 2026, the State filed its reply brief. This Court accepted the State's reply brief on March 31, 2026. In its reply brief, the State relies extensively on the en banc decision in *Roake*—citing the Fifth

1

Circuit's opinion eleven times—and invokes it as support for arguments that were not presented in its opening brief.

6. Plaintiffs had no prior opportunity to address the *Roake* en banc decision in their opening brief because that decision was issued after their filing deadline. They have not otherwise been afforded an opportunity to respond to the State's reliance on that decision or to the arguments the State now advances based on it.

7. It is well established that arguments raised for the first time in a reply brief are generally disfavored, as they deprive the opposing party of a meaningful opportunity to respond. *See Gatewood v. City of O'Fallon*, 70 F.4th 1076, 1080 (8th Cir. 2023) (noting that courts disfavor "[new] issues raised in reply briefs . . . out of concern that the opposing party would be prejudiced by [appellants] arguing an issue without an opportunity for [appellees] to respond.") (quoting *United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003)).

8. The State's reliance on the Fifth Circuit's en banc decision in *Roake* in its reply brief implicates those concerns.

9. In these circumstances, a limited surreply is appropriate to ensure that the Court has the benefit of full adversarial briefing on the issues the State now places before it.

10. Accordingly, Plaintiffs should be permitted to file their proposed Surreply Brief addressing the State's use of the en banc decision in *Roake* and the arguments raised in reliance on the decision in its reply brief.

11. Counsel for the State opposes this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file their proposed Surreply Brief as of the date of this filing.

Dated: April 17, 2026

Respectfully submitted,

/s/ *Jonathan K. Youngwood*

Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

Alex J. Luchenitser
Amy Tai*
Jess Zalph
AMERICANS UNITED FOR SEPARATION
OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, DC 20005

*\* Admitted to practice in New York; not a member of the D.C. bar.*

John C. Williams (ABN 2013233)
Shelby H. Shroff (ABN 2019234)
ARKANSAS CIVIL LIBERTIES UNION
FOUNDATION, INC.
904 W. 2nd St.
Little Rock, AR 72201

Heather L. Weaver
Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, DC 20005

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701

## CERTIFICATE OF SERVICE

On April 17, 2026, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood

## CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 468 words. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood

# United States Court of Appeals

*for the*

# Eighth Circuit

Case Nos. 25-2713, 25-2894, 25-3311

SAMANTHA STINSON, *et al*.,

*Plaintiffs-Appellees,*

JULEE JAEGER, *et al*.,

*Plaintiffs-Appellees,*

– and –

CHRISTINE BENSON,

*Plaintiff-Appellee,*

– v. –

FAYETTEVILLE SCHOOL DISTRICT NO. 1, *et al*.,

*Defendants*,

*(For Continuation of Caption See Inside Cover)*

On Appeal from the United States District Court for the Western District of Arkansas, No. 5:25-cv-05127 (Hon. Timothy L. Brooks)

## SURREPLY BRIEF OF PLAINTIFFS-APPELLEES

JOHN C. WILLIAMS (ABN 2013233)
SHELBY H. SHROFF (ABN 2019234)
ARKANSAS CIVIL LIBERTIES UNION
   FOUNDATION, INC.
904 West Second Street
Little Rock, Arkansas 72201
(501) 374-2842
john@acluarkansas.org
shelby@acluarkansas.org

JONATHAN K. YOUNGWOOD
JANET A. GOCHMAN
GRISELDA CABRERA
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
griselda.cabrera@stblaw.com

*Counsel for Plaintiffs-Appellees Samantha Stinson, et al.*
*(continued on inside cover)*

CONWAY SCHOOL DISTRICT NO. 1,

*Defendant,*

LAKESIDE SCHOOL DISTRICT NO. 9,

*Defendant,*

– and –

STATE OF ARKANSAS,

*Intervenor-Appellant.*

*Additional Counsel for Plaintiffs-Appellees*

HEATHER WEAVER
DANIEL MACH
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION, INC.
915 15th Street, NW, Suite 600
Washington, DC 20005
(202) 675-2330
hweaver@aclu.org
dmach@aclu.org

PATRICK C. ELLIOTT
SAMUEL T. GROVER
FREEDOM FROM RELIGION
   FOUNDATION, INC.
P.O. Box 750
Madison, Wisconsin 53701
(608) 256-8900
patrick@ffrf.org
sam@ffrf.org

V. NOAH GIMBEL
SIMPSON THACHER & BARTLETT LLP
900 G Street, NW
Washington, DC 20001
(202) 636-5500
noah.gimbel@stblaw.com

ALEX J. LUCHENITSER
AMY TAI
JESS ZALPH
AMERICANS UNITED FOR SEPARATION
   OF CHURCH & STATE
1310 L Street, NW, Suite 200
Washington, DC 20005
(202) 466-3234
luchenitser@au.org
tai@au.org
zalph@au.org

# **Table of Contents**

Page

INTRODUCTION.................................................................................1

ARGUMENT ......................................................................................2

    I.    *Roake* Conflicts With Binding Supreme Court and Eighth Circuit Precedent...........................................................................2

    II.   *Roake* Does Not Support the State's Position. ..........................6

    III.  *Roake* Did Not Reach the Merits of the Plaintiffs' Claims. .......8

CONCLUSION ....................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                              **Page(s)**

*Auto., Petrol. & Allied Indus. Emps. Union, Local 618 v. Gelco Corp.*,
  758 F.2d 1272 (8th Cir. 1985)................................................................4

*Ernst & Young v. Depositors Econ. Prot. Corp.*,
  45 F.3d 530 (1st Cir. 1995) ...............................................................4

*Iowa League of Cities v. E.P.A.*,
  711 F.3d 844 (8th Cir. 2013)..............................................................4

*Mahmoud v. McKnight*,
  102 F.4th 191 (4th Cir. 2024) ............................................................3

*Mahmoud v. Taylor*,
  606 U.S. 522 (2025)................................................................2, 3, 5

*Neb. Pub. Power Dist. v. MidAmerican Energy Co.*,
  234 F.3d 1032 (8th Cir. 2000)..........................................................4, 5

*Roake v. Brumley*,
  170 F.4th 292 (5th Cir. 2026) (en banc) .................................... passim

*Rodriguez de Quijas v. Shearson/Am. Express, Inc.*,
  490 U.S. 477 (1989).........................................................................9

*Stone v. Graham*,
  449 U.S. 39 (1980)...........................................................................8

*Susan B. Anthony List v. Driehaus*,
  573 U.S. 149 (2014)........................................................................6

*Stinson v. Fayetteville Sch. Dist. No. 1*,
  No. 5:25-cv-5127, 2026 WL 736964 (W.D. Ark. Mar. 16, 2026).............2

*United States v. Brown*,
  653 F.3d 656 (8th Cir. 2011).............................................................9

**Statutes**

Ark. Act 573, Ark. Code § 1-4-133 (2025) ................................................. 7

La. R.S. § 17.2124(B)(3)-(4) ....................................................... 6

## INTRODUCTION

Plaintiffs-Appellees respectfully submit this Surreply Brief for the limited purpose of addressing arguments in the Reply Brief filed by Intervenor-Appellant, the State of Arkansas ("State"), regarding the Fifth Circuit's recent en banc ruling in *Roake v. Brumley*, 170 F.4th 292 (5th Cir. 2026) (en banc), which had not been decided at the time that Plaintiffs submitted their Brief to this Court. As an initial matter, the State cites *Roake* in an effort to support arguments it did not raise in its opening brief. Even so, *Roake* offers no support for the State's position because the Fifth Circuit's opinion departs from controlling precedent. It contradicts the well-established rule that First Amendment plaintiffs need not suffer the alleged harm before bringing suit, and it also deviates from longstanding Eighth Circuit precedent evaluating ripeness.

In addition, *Roake* is not applicable here because the Fifth Circuit's ripeness ruling is limited to the factual and statutory circumstances in that case. Act 573 and the record here provide this Court with the information it needs to rule on the merits of Plaintiffs' First Amendment

claims. Accordingly, this Court should affirm the district court's order granting a preliminary injunction.[1]

**ARGUMENT**

**I.** *Roake* **Conflicts With Binding Supreme Court and Eighth Circuit Precedent.**

As an out-of-circuit opinion, *Roake* does not bind this Court. And this Court should not afford *Roake* any weight as persuasive authority because it contravenes a long line of case law allowing for pre-enforcement constitutional challenges, including the Supreme Court's recent, *specific* admonition that, "when a deprivation of First Amendment rights is at stake, a plaintiff need not wait for the damage to occur before filing suit." *Mahmoud v. Taylor*, 606 U.S. 522, 559–60 (2025). *Roake* also conflicts with Eighth Circuit precedent requiring courts to consider hardship to the plaintiffs in evaluating ripeness.

In *Mahmoud*, the Supreme Court considered a pre-enforcement challenge under the Free Exercise Clause to a school board's use of

---

[1] On March 16, 2026, the district court granted Plaintiffs' request for an injunction permanently enjoining the Defendants from complying with Act 573. *See Stinson v. Fayetteville Sch. Dist. No. 1*, No. 5:25-cv-5127, 2026 WL 736964 (W.D. Ark. Mar. 16, 2026).

LGBTQ+ inclusive storybooks in public elementary-school classrooms. 606 U.S. at 531–46. While the list of permissible books had been approved by the school board, "the decision about which books to use and how they'd be used in an individual classroom [was] left to each teacher's discretion." *Mahmoud v. McKnight*, 102 F.4th 191, 198 (4th Cir. 2024); *see also Mahmoud*, 606 U.S. at 535.

Thus, at the time they filed their suit, the *Mahmoud* plaintiffs did not make "specific allegations" describing "how a particular book . . . is planned for use [in classrooms] at a particular time." *Mahmoud*, 606 U.S. at 559–60. Nevertheless, rejecting the school board's argument that the record was too "threadbare" to rule on the policy's constitutionality, the Supreme Court allowed the challenge to proceed, explaining: "We do not need to 'wait and see' how a particular book is used in a particular classroom on a particular day before evaluating the parents' First Amendment claims." *Id.* Rather, "to pursue a pre-enforcement challenge," plaintiffs need show only that "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* at 560. (internal quotation marks and citation omitted).

*Roake* ignores this holding, forcing the plaintiffs there to wait and see "how the text is used" before filing suit to shield their children from the harms of religious coercion and to vindicate their religious-freedom rights as parents. *See Roake*, 170 F.4th at 298 (internal quotation marks omitted). This Court should not accept the State's invitation to do the same here.

Further, when evaluating ripeness, this Court *requires* a hardship inquiry. "There are two factors relevant to a ripeness decision: the fitness of the issue for judicial resolution and the hardship to the parties of withholding court consideration." *Auto., Petrol. & Allied Indus. Emps. Union, Local 618 v. Gelco Corp.,* 758 F.2d 1272, 1275 (8th Cir. 1985). "Both of these factors are weighed on a sliding scale[.]" *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 867 (8th Cir. 2013). Where "[a] party seeking judicial relief . . . satisf[ies] both prongs to at least a minimal degree[,]" and the "immediacy and the size of the threatened harm" are "significant[,]" the party "need not wait for actual harm to occur." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038–39 (8th Cir. 2000); *see also Ernst & Young v. Depositors Econ. Prot. Corp.,* 45 F.3d 530, 535 (1st Cir. 1995) (applying "sliding scale under which, say,

a very powerful exhibition of immediate hardship might compensate for questionable fitness (such as a degree of imprecision in the factual circumstances surrounding the case), or vice versa"). *Mahmoud*'s identical warning, 606 U.S. at 559–60, merely underscores that this Court's approach to hardship and justiciability is correct.

*Roake* did not apply a sliding scale in concluding that the plaintiffs' claims were unripe, however. Quite the opposite: The Fifth Circuit did not consider *at all* the hardship that the plaintiffs would face as a result of its decision to withhold consideration of the merits, prompting one dissent to warn that "[t]his factor does not warrant short shrift." 170 F.4th at 319 (Ramirez, J., dissenting). Accordingly, *Roake* conflicts with the Eighth's Circuit ripeness principles—attuned as they are to the hardship prong of the test—and renders it unpersuasive here.

Given Act 573's extensive statutory requirements for the scriptural displays, there is no question that Plaintiffs' claims here satisfy the fitness requirement "to at least a minimal degree[,]" or that Plaintiffs would suffer immediate and significant harm if a merits ruling is withheld. *See Neb. Pub. Power Dist.*, 234 F.3d at 1038–39. As Judge Ramirez observed in *Roake*: "'[D]enying prompt judicial review would

impose a substantial hardship on [Plaintiffs], forcing them to choose between' sending students to public school and facing a burden on their First Amendment rights, incurring the cost of sending their children to private schools, or avoiding school and 'risking costly [fines] and criminal prosecution' under [the State's] compulsory attendance laws." 170 F.4th at 320 (Ramirez, J., dissenting) (quoting *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 167–68 (2014)).

## II.   *Roake* Does Not Support the State's Position.

*Roake* is also of no help to the State because the Fifth Circuit's ripeness ruling turned on factual circumstances and statutory provisions unique to Louisiana's H.B. 71. For example, according to the Fifth Circuit, H.B. 71 does not speak to "how prominently the displays will appear," or "the full content of the displays themselves." *Roake*, 170 F.4th at 298. And the Court pointed out that H.B. 71 "expressly permits additional content—such as 'the Mayflower Compact, the Declaration of Independence, and the Northwest Ordinance'—to appear alongside [the Ten Commandments]," in addition to requiring a "context statement." *Id.* at 298; La. R.S. § 17.2124(B)(3)-(4).

To be sure, the minimum statutory requirements of Louisiana's H.B. 71 were more than enough to render *Roake* ripe, but even accepting the Fifth Circuit's assessment of H.B. 71, the record here makes clear that Plaintiffs' Act 573 claims do not suffer from the same purported ripeness deficiencies. Act 573 has additional requirements that must be followed by all school districts. Specifically, the Act instructs that schools must display the Ten Commandments "prominently" and "conspicuous[ly]" such that anyone with "average vision" can read the Ten Commandments "from anywhere in the room." Ark. Act 573, Ark. Code § 1-4-133 (2025). And, unlike Louisiana's H.B. 71, no context statement is required. Nor, unlike Louisiana's H.B. 71, is there any statutory provision authorizing other additional content as part of the displays.

The result of Act 573's detailed requirements for displays is evinced in the Second Supplemental Complaint, which sets forth specific instances in which Ten Commandments posters were displayed in the Conway and Lakeside Plaintiffs' classrooms and includes photographs of the displays. App. 551–52, 554; R. Doc. 131, at 18–19, 21. And even before the district court entered its preliminary injunction, Fayetteville Public

7

Schools received a donation of hundreds of Ten Commandments posters that are virtually identical to those posted in the Conway and Lakeside Plaintiffs' classrooms. App. 375, 378, 551–52, 554; R. Doc. 70, at 1, 4; R. Doc. 131, at 18–19, 21. These additional facts before this Court are yet another reason why *Roake* has no bearing here.

### III.   *Roake* Did Not Reach the Merits of the Plaintiffs' Claims.

The State repeatedly cites *Roake*'s lone concurring opinion, which addresses the merits of the plaintiffs' claims in that case. *See, e.g.*, Reply Br. at 7, 8, 15, 17–19, 25. However, the per curiam opinion in *Roake* expressly noted that the ruling did not reach the merits of any claim asserted by the plaintiffs. *Roake*, 170 F.4th at 300 ("We add, however, that nothing in today's narrow holding prevents future as-applied challenges once the statute is implemented and a concrete factual record exists."). Thus, *Roake* has *nothing* to say about the merits of Plaintiffs' claims here. This Court should decline to afford any persuasive weight to an out-of-circuit concurring opinion, signed by a single judge, that urges courts to disregard the Supreme Court's directly applicable, binding decision in *Stone v. Graham*, 449 U.S. 39 (1980). As Plaintiffs have previously explained, *Stone* remains binding on this Court and all lower

courts unless the Supreme Court overturns it. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) (emphasizing that only the Supreme Court may overturn its own precedent); *United States v. Brown*, 653 F.3d 656, 660 (8th Cir. 2011).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should affirm the district court's ruling.

Dated: April 17, 2026

Respectfully submitted,

John C. Williams (ABN 2013233)
Shelby H. Shroff (ABN 2019234)
ARKANSAS CIVIL LIBERTIES UNION
FOUNDATION, INC.
904 W. 2nd St.
Little Rock, AR 72201

Heather L. Weaver
Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, Ste. 600
Washington, DC 20005

Patrick C. Elliott
Samuel T. Grover
FREEDOM FROM RELIGION
FOUNDATION
PO Box 750
Madison, WI 53701

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

Alex J. Luchenitser
Amy Tai *
Jess Zalph
AMERICANS UNITED FOR SEPARATION
OF CHURCH & STATE
1310 L Street, NW, Ste. 200
Washington, DC 20005

* *Admitted to practice in New York; not a member of the D.C. bar.*

# CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,628 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced, serifed typeface using Microsoft Word in 14-point Century Schoolbook font. Pursuant to Local Rule 28A(h), the brief has been scanned for viruses and is virus-free.

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood