Nos. 25-2713, 25-2894, 25-3311

---

# United States Court of Appeals
# For the Eighth Circuit

---

SAMANTHA STINSON, *et al.*,
*Plaintiffs-Appellees,*

JULEE JAEGER, *et al.*,
*Plaintiffs-Appellees*,

CHRISTINE BENSON, *et al.*,
*Plaintiffs-Appellees*,

v.

FAYETTEVILLE SCHOOL DISTRICT NO. 1, *et al.*,
*Defendants,*

CONWAY SCHOOL DISTRICT, NO. 1,
*Defendant*,

LAKESIDE SCHOOL DISTRICT, NO. 9,
*Defendant*,

STATE OF ARKANSAS,
*Intervenor-Appellant.*

---

On Appeal from the United States District Court for the Western District of Arkansas, No. 5:25-cv-05127 (Hon. Timothy L. Brooks)

---

## INTERVENOR-APPELLANT'S PETITION FOR REHEARING

---

TIM GRIFFIN
Arkansas Attorney General

OFFICE OF THE ARKANSAS ATTORNEY GENERAL

101 West Capitol Avenue
LITTLE ROCK, AR 72201
(501) 682-2007

AUTUMN HAMIT PATTERSON
Solicitor General

NOAH P. WATSON
Deputy Solicitor General

LAURA PURVIS
Assistant Attorney General
noah.watson@arkansasag.gov
*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

Table of Contents .......... i

Table of Authorities .......... ii

Rule 40(b)(1) Statement .......... 1

Background .......... 3

A. The District Court entered three preliminary injunctions and expedited its proceedings to issue a merits decision before this Court ruled on the preliminary-injunction appeals .......... 3

B. The permanent injunction could end with a remand for further proceedings .......... 8

Legal Standard .......... 10

Argument .......... 11

I. Because a ruling on the preliminary injunctions could have a practical legal effect, this appeal is not moot .......... 11

II. Even if this appeal is moot, there are issues that are capable of repetition yet evading review .......... 14

Conclusion .......... 18

Certificate of Compliance .......... 20

Certificate of Service .......... 20

## Table of Authorities

**Cases** **Page(s)**

*Beirman v. Dayton*,
817 F.3d 1070 (8th Cir. 2016) .................... 1, 10, 11, 12, 14

*U.S. ex rel. Bergen v. Lawrence*,
848 F.2d 1502 (10th Cir. 1988) .................... 12

*Brooks v. Ga. State Bd. of Elections*,
59 F.3d 1114 (11th Cir. 1995) .................... 12

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*,
527 U.S. 308 (1999) .................... 1, 10, 12

*Indep. Party of Richmond Cnty. v. Graham*,
413 F.3d 252 (8th Cir. 2005) .................... 1, 10, 13, 14

*Iowa v. Wright*,
154 F.4th 918 (8th Cir. 2025) .................... 10

*Lemon v. Kurtzman*,
403 U.S. 603 (1971) .................... 8

*Mahmoud v. Taylor*,
606 U.S. 522 (2025) .................... 6, 9

*Pavek v. Donald J. Trump for President, Inc.*,
967 F.3d 905 (8th Cir. 2020) .................... 2, 14

*Peter v. Wedl*,
155 F.3d 992 (8th Cir. 1998) .................... 9, 13

*Spirit Lake Tribe v. Jaeger*,
5 F.4th 849 (8th Cir. 2021) .................... 14

*Stevenson v. Blytheville Sch. Dist. No. 5*,
762 F.3d 765 (8th Cir. 2014) .................... 11

*Stone v. Graham*,
449 U.S. 39 (1980) (per curiam) .................... 8

*Su v. Ascent Constr., Inc.*,
104 F.4th 1240 (10th Cir. 2024) .................................................... 12

*W. Pub. Co. v. Mead Data Cent., Inc.*,
799 F.2d 1219 (8th Cir. 1986) .......................................................... 6

**Statutes and Rules**

Ark. Code Ann. § 1-4-133 ................................................................ 3

Federal Rule of Civil Procedure 65 ..................................................... 6

**Rule 40(b)(1) Statement**

An appeal of a preliminary injunction does not become moot after entry of a permanent injunction if "the substantive validity of the final injunction does *not* establish the substantive validity of the preliminary one." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 315 (1999). And even if a preliminary-injunction appeal is moot, if the injury is capable of repetition yet evading review, the Court will address the issue despite mootness. *See Beirman v. Dayton*, 817 F.3d 1070, 1073-74 (8th Cir. 2016) (applying the exception's analysis to moot preliminary-injunction appeal); *Indep. Party of Richmond Cnty. v. Graham*, 413 F.3d 252, 256-57 (8th Cir. 2005) (same).

The Court *sua sponte* dismissed Arkansas's preliminary-injunction appeals, assuming that they became moot when the district court entered a permanent injunction. *See* Judgment, *Stinson v. Arkansas*, No. 25-2713 (8th Cir. Apr. 23, 2026). In doing so, it overlooked two points: first, this appeal is not moot; second, if it were moot, the capable-of-repetition-yet-evading-review exception applies.

*First*, these preliminary-injunction appeals are not moot. If the Court were to adopt Plaintiffs' legal analysis, there are multiple potential disputes of material fact that would need to be addressed on remand, either through additional discovery or trial. *See infra* pp. 8-10. If the case is remanded, the parties need to know whether

the preliminary injunctions remain in effect. *See infra* pp. 11-13. Therefore, a ruling in this appeal could have a tangible legal effect, so the appeal is not moot.

*Second*, even if the appeal were moot, the capable-of-repetition-yet-evading-review exception applies. The district court interfered with "any meaningful right" for Arkansas "to appeal [the district court's] preliminary injunction[s]," so Arkansas is and will continue to be injured, unless this Court addresses the issues that arise only in the preliminary-injunction context. *Pavek v. Donald J. Trump for President, Inc.*, 967 F.3d 905, 907 (8th Cir. 2020) (irreparable injury for stay pending appeal). In this case, the district court consistently took steps that would allow it "to issue merits decisions while preliminary injunction appeals are pending" in an effort to moot Arkansas's right to appeal the preliminary injunctions, R. Doc. 122, at 1—from accusing counsel of "grousing" about the "horrors" of dealing with expedited briefing schedules (despite counsel noting personal and family medical emergencies) to denying an *unopposed* 30-day extension that was requested because of one counsel's wedding and another's newborn child. *See infra* pp. 5-6.

The Court should therefore proceed to deciding this appeal. Alternatively, the Court should either consolidate this appeal with the appeal of the permanent injunction or hold this appeal in abeyance pending a decision in the permanent-injunction appeal, when it becomes apparent whether the case will be remanded for

further proceedings, during which the parties will need to know the status of the preliminary injunctions.

## Background

In 2025, the Arkansas Legislature enacted Act 573, requiring "a historical representation of the Ten Commandments" to be posted in public-school classrooms and libraries if funds are donated for that purpose or a display is donated. Ark. Code Ann. § 1-4-133(a)(1)(B)(i)-(ii), (b). Relevant to this petition, however, are not the details of that law but rather the procedural history and possible outcomes of the related appeal of the summary-judgment decision.

### A. The District Court entered three preliminary injunctions and expedited its proceedings to issue a merits decision before this Court ruled on the preliminary-injunction appeals.

On August 4, 2025, original Plaintiffs obtained a preliminary injunction related to Act 573. App. 417-18, R. Doc. 71, at 34-35. Arkansas appealed, R. Doc. 78, and appellate briefing would have concluded in approximately mid-December 2025. *See* Briefing Schedule, *Stinson*, No. 25-2713 (8th Cir. Sept. 2, 2025). Meanwhile, Plaintiffs moved to file a supplemental complaint to add parties,[1] demanding that Defendants, including Intervenor-Defendant, respond to that

[1] Plaintiffs labeled their motion as one to file an amended complaint. R. Doc. 79. The district court, however, construed it as a motion to supplement. R. Doc. 86.

motion in about eight business hours. *See* R. Docs. 80, 81. Arkansas requested the ordinary time to respond, giving both legal and practical reasons—including that attorneys on the case had "to take on the cases of another attorney" in the office who was experiencing "serious medical issues," and one attorney on the case was also dealing with "the unexpected hospitalization of [a] family member." R. Doc. 81, at 4. The district court, in a text order with no reasoning and entered on a Sunday evening, nevertheless directed Arkansas to respond to the motion to supplement by 5 p.m. the next day. R. Doc. 83.

In responding, Arkansas explained that supplementing complaints would "interfere with the State's appeal of the preliminary injunction," including because Plaintiffs "indicated [an] inten[t] to continually amend the complaint to add new [parties]," which would repeatedly "complicate" and "delay[]" the appeal. R. Doc. 84, at 7-8. Arkansas also reiterated that "expedited briefing" like the district court had ordered would "kneecap[] its ability to develop arguments … and distract[] from other deadlines." *Id.* at 7.

The district court granted Plaintiffs' motion. In doing so, it did not acknowledge the serious medical emergencies Arkansas's counsel had identified and accused counsel of "grous[ing]" about the "horrors" of the "'expedited briefing' schedules, 'Sunday evening' work, and 'distract[ions] from other deadlines.'" R.

Doc. 86, at 7. And despite these issues, the existing preliminary injunction, and the pending appeal, the district court also decided—*sua sponte* and without explanation—to "set[] the [entire] matter for expedited discovery and briefing on dispositive motions." *Id.* at 4 n.1.

On August 28, 2025, Plaintiffs filed their supplemental complaint. R. Doc. 87. The district court entered a preliminary injunction in favor of the new plaintiffs on September 10, 2025. R. Doc. 111. Arkansas again appealed. R. Doc. 117. This time, appellate briefing would have concluded approximately early-January 2026. *See* Consolidated Briefing Schedule, *Stinson*, No. 25-2713 (8th Cir. Sept. 26, 2025).

Meanwhile, the district court had made good on its promise to expedite the case, despite no party making that request. It gave the parties less than two months to disclose experts and file their reports, R. Doc. 94, at 2, which benefited Plaintiffs, who had a ready-to-go expert from the preliminary-injunction stage that the district court extensively relied on, R. Doc. 71, at 26-29. And it set the discovery deadline for December 29, 2025, about 4.5 months from entry of the first preliminary injunction, and gave the parties only 14 days after discovery closed to prepare and file dispositive motions. R. Doc. 94, at 2.

The district court continued to forge ahead, despite no party asking it to. For example, Arkansas sought a modest and unopposed 30-day extension of the

deadlines because, in addition to other deadlines, one attorney had an upcoming wedding ceremony and the other attorney had only returned part-time from paternity leave to assist. R. Doc. 114, at 2. No party opposed Arkansas's motion. *Id.* The district court denied the motion because, according to the district court, "personal obligations" and "workload … do not constitute good cause." R. Doc. 122, at 2.

The district court simultaneously denied a motion to stay pending appeal, claiming that this Court "'encourage[s]' district courts to exert 'additional effort' to issue merits decisions while preliminary injunction appeals are pending." *Id.* at 1 (quoting *W. Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229-30 (8th Cir. 1986)). For purported support, it cited *West Publishing*, which only discusses "*combin*[*ing*] the [preliminary-injunction] hearing … with the trial on the merits," which is specifically contemplated by Federal Rule of Civil Procedure 65(a)(2). *W. Pub.*, 799 F.2d at 1229 (emphasis added).

Plaintiffs then waited until the last day possible, October 14, 2025, to again seek to supplement their complaint. R. Doc. 123. Arkansas again opposed, reiterating that adding parties and reupping the preliminary injunction would "further delay and complicate the State's appeal," R. Doc. 127, at 4-5, and because Free Exercise claims are "always … fact-intensive" if *Mahmoud v. Taylor*, 606 U.S.

522, 550 (2025), applies, and adding parties as the discovery deadline rapidly approached would "increase the scope of discovery and expenses for all parties," R. Doc. 127, at 5-6. The district court said that it "is not tethered to reality" to claim free-exercise claims are fact-intensive, and granted Plaintiffs' leave to file a second supplemental complaint, again delaying Arkansas's appeal and adhering to its abbreviated timeline. R. Doc. 130, at 3.

On October 23, 2025, Plaintiffs filed their second supplemental complaint. R. Doc. 131. That supplement was four days before expert disclosures were due and about two months before the close of discovery. R. Doc. 101, at 2. The district court again granted a preliminary injunction, R. Doc. 149, and Arkansas again appealed, R. Doc. 150.

Finally, briefing in this Court was able to run its course, with Arkansas submitting its reply brief on March 12, 2026. *See* Appellant Reply Submitted, *Stinson*, No. 25-2713 (8th Cir. Mar. 12, 2026). Two business days later, the district court ruled on the summary-judgment motions and entered judgment. R. Docs. 188, 189.

### B. The permanent injunction could end with a remand for further proceedings.

Although the district court ruled on cross-motions for summary judgment and both sides argued they were entitled to judgment as a matter of law, *see* R. Doc. 165,

170, Arkansas also argued, in the alternative, that there are disputes of material fact if Plaintiffs' legal theories are correct, *see* R. Doc. 180, at 12-15, 20-22.

Start with the Establishment Clause. Arkansas and Plaintiffs have vastly different views on the legal test that should be applied. While Arkansas argues that the historical-practices-and-understanding test applies to Act 573, Plaintiffs argue *Stone v. Graham*, 449 U.S. 39 (1980) (per curiam), applies (even though "its entire foundation [is] *Lemon v. Kurtzman*, 403 U.S. 603 (1971), which has been overruled by the Supreme Court," R. Doc. 180, at 5). If the Court agrees with Plaintiffs, a determination will need to be made if Act 573 "ha[s] a secular legislative purpose." *Stone*, 449 U.S. at 40 (quoting *Lemon*, 403 U.S. at 612). On that issue, there is "at least … a fact question" about the Legislature's purpose because Plaintiffs "cherry-pick[ ] statements from the legislative testimony" to assert religious purposes, while Arkansas asserts the "secular purpose is apparent from [the] text, which requires a historical representation," and from "the many statements" that "Plaintiffs exclude … [about] Act 573['s] … historical purpose." R. Doc. 180, at 14-15 & n.15; *see* R. Doc. 188, at 19-20 (summary-judgment opinion relying on legislators' statements).

Plaintiffs also attempt to sidestep *Stone*'s reliance on *Lemon* by recasting *Stone* as an abstract coercion test. R. Doc. 170, at 9-11. Arkansas contends that is wrong. R. Doc. 180, at 6-8, 14. But if this Court agrees with Plaintiffs, there is, "at the very

least, … a fact question about whether Act 573 will cause abstract coercion." R. Doc. 180, at 16. For example, "some student-Plaintiffs have indicated that they have not felt coercion," "school districts try to make students feel welcome and like they belong regardless of their beliefs," and (at best) some "Plaintiffs offer only speculation about how their students may feel." *Id.* at 15-16. Assuming either is relevant, sifting through the Legislature's purposes and determining whether Plaintiffs feel coerced are proper questions for trial, not summary judgment. *E.g.*, *Peter v. Wedl*, 155 F.3d 992, 998 (8th Cir. 1998) (remanding free-exercise case because of disputed material fact).

Next, turn to the Free Exercise Clause. In *Mahmoud*, the Supreme Court explained that free-exercise claims plausibly alleging substantial interference with a child's religious development "will always be fact-intensive." 606 U.S. at 550. It involves determining "the specific religious beliefs and practices asserted," comparing that to "the specific nature of the educational requirement or curricular feature at issue," and considering "the specific context in which the instruction or materials at issue are presented." *Id.* As a result of that detailed inquiry, if the Court determines *Mahmoud* applies here (which Plaintiffs argue, R. Doc. 170, at 18-21; R. Doc. 186, at 7, and Arkansas disputes, R. Doc. 180, at 15-20) there are potential fact questions about whether there is a substantial burden because, for example, "many

Plaintiffs have already exposed their students to the Ten Commandments," including active instruction, as opposed to Act 573's passive display, R. Doc. 180, at 20-21.

Therefore, depending on how the Court decides the legal issues in the permanent-injunction appeal, it may remand for further factual development and trial.

## Legal Standard

"Generally," though not always, "an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999). An appeal of a preliminary injunction does not become moot, however, if "the substantive validity of the final injunction does *not* establish the substantive validity of the preliminary one." *Id.* at 315. It is Plaintiffs' "burden to establish that a once-live case has become moot." *Iowa v. Wright*, 154 F.4th 918, 940 (8th Cir. 2025) (citation omitted).

Even if a preliminary-injunction appeal is moot, the issues raised in the appeal can be capable of repetition yet evading review and thus should be addressed. *See Beirman*, 817 F.3d at 1073-74 (applying the exception's analysis to moot preliminary-injunction appeal); *Graham*, 413 F.3d at 256-57 (same). The party asserting the

exception must show that (1) the "duration" of the challenged issue is "too short … to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Bierman*, 817 F.3d at 1074 (citation modified).

## Argument

Plaintiffs have not shown that Arkansas's appeals of the preliminary injunctions are moot, and even if they had, issues in that appeal are capable of repetition yet evading review.

### I. Because a ruling on the preliminary injunctions could have a practical legal effect, this appeal is not moot.

There are three potential outcomes from the appeal of the permanent injunction: (1) affirm, a win for Plaintiffs; (2) reverse, a win for Arkansas; or (3) vacate and remand for additional discovery, a trial on the merits, or both. Admittedly, a ruling on the preliminary injunctions would mean little in the first two outcomes, complete affirmance or reversal. But it is necessary for the third outcome, in which the parties would return to the trial court to continue litigation. In that circumstance, the parties need to know whether the preliminary injunctions remain in effect during remand. *Cf. Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 768 (8th Cir. 2014) (explaining that a preliminary-injunction appeal is moot when

"the effective time period of the injunction has passed" (italics omitted) (quoting *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995)).

It is arguable that when a preliminary injunction "merges into" the permanent injunction, *Grupo Mexicano*, 527 U.S. at 314, "the life of the preliminary injunction … end[s]" permanently, *Su v. Ascent Constr., Inc.*, 104 F.4th 1240, 1246 (10th Cir. 2024) (quoting *U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988)), even if the permanent injunction that dissolved the preliminary injunction is vacated. But it is also arguable (and likely Plaintiffs' position) that when a permanent injunction is vacated, there is no longer "a final disposition" to trigger the end of the preliminary injunction, R. Doc. 71, at 35; R. Doc. 111, at 3; R. Doc. 149, at 2, thus bringing the preliminary injunction back online until a new final judgment is entered, such as after trial. *See Bierman*, 817 F.3d at 1072 (explaining that a preliminary injunction's purpose is to preserve the status quo "until a trial on the merits"). It appears that no precedent answers the question if a preliminary injunction continues when a permanent injunction is vacated.

This appeal is not moot if the preliminary injunctions spring back to life if the permanent injunction is vacated. For this appeal to be moot, Plaintiffs must prove (or concede) that the preliminary injunctions will not reactivate if the Court vacates

the permanent injunction and remands for further proceedings. Plaintiffs have not met that burden.

The potential for vacatur of the permanent injunction and remand for further proceedings exists. Arkansas asserted below that it should be granted summary judgment as a matter of law. *See* R. Docs. 164, 165. But, if the Court adopts Plaintiffs' legal theories, there would be genuine issues of disputed material fact, *see* R. Doc. 180, at 12-15, 20-22; *supra* pp. 8-10, and additional discovery or a trial on the merits would be necessary to address those issues. *See, e.g.*, *Peter*, 155 F.3d at 998 (remanding a free-exercise case "to the district court for a factual determination" on whether the challenged action was a "religion-neutral policy" or "based on … religious animus"). And on remand, Defendants would need to know the status of the district court's preliminary injunctions. Because this Court's decision on the preliminary injunctions could affect any future trial proceedings, this appeal is not moot, and Plaintiffs certainly have not proven otherwise. *See Graham*, 413 F.3d at 256 (explaining an appeal is moot only if a decision "would not have any effect on the rights or obligations of the parties").

## II. Even if this appeal is moot, there are issues are capable of repetition yet evading review.

Parties are entitled to appeal preliminary injunctions because it would be an "injustice [to] burden[] a party with a manifestly erroneous decree while the

ultimate merits of a dispute are being litigated." *Id.* Indeed, in other contexts, a party is irreparably injured if it "lack[s] any meaningful right to appeal [a] preliminary injunction." *Pavek v. Donald J. Trump for President, Inc.*, 967 F.3d 905, 907 (8th Cir. 2020) (stay pending appeal); *see Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021) (noting that certain interlocutory appeals "are appealable as of right, like preliminary injunctions" (citation omitted)). If these preliminary-injunction appeals are held to be moot, then Arkansas has been deprived of a meaningful right to appeal them and of an ability to get review of issues, including evidentiary issues in the preliminary-injunction context. So even if the appeals were moot, an exception would apply.

The capable-of-repetition-yet-evading-review exception to mootness applies because (1) the time for Arkansas to obtain a ruling is "too short … to be fully litigated" before it becomes moot and (2) there is a reasonable expectation that Arkansas will again be deprived of the ability to challenge the preliminary injunctions against it. *Bierman*, 817 F.3d at 1074 (citation modified). And if that happens, Arkansas will not be able to obtain review of important issues, such as what evidence can be considered at the preliminary-injunction stage that could impact how it litigates cases and expends state resources in the future. *See* Intervenor-Appellant Br. at 28 (arguing the district court wrongly refused to consider historical evidence,

amicus briefs, and scholarly articles at the preliminary-injunction stage); *see also* R. Doc. 188, at 21 (indicating the State should have retained an expert as soon as the law was passed so it would have had an expert ready for the preliminary-injunction hearing).

*First*, the district court rushed this case to a final judgment, while simultaneously delaying Arkansas's appeals of the preliminary injunctions. After *sua sponte* expediting the scheduling order, the district court:

- Refused to allow Arkansas reasonable time to respond to filings, despite counsels' personal and family medical emergencies;
- Denied a motion to stay pending appeal, claiming (based on a stretched reading of one opinion) that this Court encourages district courts to moot preliminary-injunction appeals whenever possible;
- Caused the appellate-briefing timeline to repeatedly restart by allowing supplemental complaints; and
- Refused to grant an unopposed 30-day motion to extend, despite counsel's wedding and newborn child, *see supra* pp. 5-6.

In short, the district court made it impossible for Arkansas to obtain a ruling from this Court on the preliminary injunctions. The reasonable course would have been to allow this Court to rule on the preliminary-injunction appeals, providing

guidance to the parties for how to litigate this case (and others as it relates to the necessary experts at the preliminary-injunction stage) and preserving court and party resources. In the interim, Defendants would have remained subject to the district court's preliminary injunctions, preventing Plaintiffs' alleged harms. But the district court instead rushed to final judgment, and in the process, it dismissed Arkansas's counsel's emergencies, significant life events, and burgeoning workload, claiming prejudice to counsel was not the same as prejudice to the State (ignoring the argument that the State is prejudiced when its counsel is not given sufficient time to develop arguments, R. Doc. 84, at 6).

*Second*, it's reasonable to expect that Arkansas will again be deprived of its right to appeal preliminary injunctions, which will prevent resolution of issues that are specific to the preliminary-injunction stage. For example, it seems likely it will happen in another case that's currently proceeding before the same district court. In *League of Women Voters of Arkansas v. Jester*, the district court enjoined enforcement of a bevy of Arkansas laws related to citizen-initiated measures, on November 19, 2025. Memorandum Opinion & Order, *League of Women Voters of Arkansas v. Jester*, No. 5:25-cv-5087 (E.D. Ark. Nov. 19, 2025), R. Doc. 50. Arkansas appealed, and appellate briefing commenced, ending on April 20, 2026. *See* Appellant Reply, *League of Women Voters of Arkansas v. Jester*, No. 25-3389 (8th Cir. Apr. 20, 2026).

Like with this case, the district court in *League of Women Voters* issued a case management order before the parties submitted a 26(f) report (despite form language to the contrary in the order) and set the discovery deadline for approximately 4.5 months. *See* Case Management Order, R. Doc. 63; Am. Case Management Order, R. Doc. 66, *League of Women Voters*, No. 5:25-cv-5087 (E.D. Ark. Jan. 15, 2026). Again, it gave the parties only 14 days to prepare summary-judgment motions. *Id.* Although discovery is closed and summary-judgment briefing ends tomorrow, the district court granted, this week, *League of Women Voters* plaintiffs' motion to amend their complaint to add multiple new plaintiffs with new claims. *See* Text Order, *League of Women Voters*, No. 5:25-cv-5087 (E.D. Ark. May 5, 2026), R. Doc. 106. It provided no additional time for discovery and provided no new briefing deadline, only allowing Defendants to "supplement his summary judgment briefing as necessary." *Id.* It appears the district court will rule on the summary-judgment motions as quickly as possible, which would arguably moot the errors it committed at the preliminary-injunction stage. *See* Appellant Br. 18-19, 20, 27, 36-37, *League of Women Voters*, No. 25-3389 (8th Cir. Jan. 30, 2026) (explaining how the district court repeatedly violated the party-presentation principle when ruling against Arkansas and committed other errors that likely cannot be addressed in an appeal of the final judgment).

Unless the Court applies the mootness exception, district courts will be able to continually evade review of preliminary-injunction decisions, effectively eliminating Arkansas's right to appeal those decisions and ability to challenge legal issues unique to the preliminary-injunction context, not to mention wasting party resources.

## Conclusion

This appeal should proceed expeditiously because it is either not moot or a mootness exception applies. Alternatively, this appeal should be consolidated with the permanent-injunction appeal or held in abeyance pending a decision in that appeal.

Respectfully submitted,

TIM GRIFFIN
Arkansas Attorney General

AUTUMN HAMIT PATTERSON
Solicitor General

NOAH P. WATSON
Deputy Solicitor General

OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
101 West Capitol Avenue
Little Rock, AR 72201
(501) 682-2007
noah.watson@arkansasag.gov

*Counsel for Intervenor-Appellant*

## Certificate of Compliance

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,895 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in 14-point Equity A, using Microsoft Word.

I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

*/s/Noah Watson*
Noah Watson

## Certificate of Service

I certify that on May 7, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

*/s/Noah Watson*
Noah Watson